## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **DAN FRIEDMAN**<br><br>      **Plaintiff,**<br><br>v.<br><br>**STHREE PLC., et al.,**<br><br>      **Defendants.** | Case No. 3:14-cv-00378 (AWT) |

### STHREE DEFENDANTS' RESPONSE TO PALLADYNE DEFENDANTS' MOTION TO INCREASE DAILY SANCTION AND FOR OTHER RELIEF

On December 23, 2016, the Palladyne Defendants filed a motion seeking additional sanctions for Plaintiff's continued non-compliance with the Court's discovery Orders. (ECF Doc. 224). In particular, the Palladyne Defendants seek the following relief:

1. The daily sanction of $150 imposed against Plaintiff be increased to a sum to be set by the Court but no less than triple the current amount;

2. The Court permit Defendants to go forward with a second deposition to cover the late-produced documents (see Sanctions Order at 19-20), and order that the deposition be held within thirty days of the date of the Court's order and that Plaintiff produce all outstanding discovery within twenty days of the Court's order;

3. If Plaintiff fails to complete discovery within twenty days of the date of the Court's order, the Palladyne Defendants will be entitled to seek appropriate inferences based on any missing documents or information, and to request that the Court prohibit Plaintiff from supporting or opposing certain designated matters, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(i) and (ii);

4. Plaintiff's attorney be held jointly and severally liable for all sanctions for expenses; and

5. Such other relief as the Court deems just and proper.

(*Id*. at 5-6).

The SThree Defendants respectfully join in the Palladyne Defendants' motion. In addition to the grounds set forth in the Palladyne Defendants' motion, the SThree Defendants note several additional facts which support the requested sanctions.

First, it has now been nearly **six weeks** since Plaintiff has taken **any** action with regard to jurisdictional discovery. Plaintiff's last communication regarding discovery was on December 5, 2016, in which he asserted that his "only outstanding production is for a Discovery [sic] Card." (*See* ECF Doc. 224-2 at 3). In response, the SThree Defendants replied on December 6, 2016 listing various other areas in which Plaintiff's production remains incomplete, and re-attached five prior emails that identified additional deficiencies that Plaintiff had not corrected. (*See id*. at 2). Plaintiff has never replied to the SThree Defendants' December 6 email or otherwise subsequently communicated with the SThree Defendants regarding jurisdictional discovery.

Second, Plaintiff has continued to delay these proceedings by failing to file his revised Amended Complaint. On December 15, 2016, the Court Ordered Plaintiff to file a new version of the Amended Complaint that he previously filed on November 2, 2016, making only non-substantive changes. (ECF Doc. 222). Nearly a month has passed and the revised Amended Complaint is still not filed. Plaintiff did not even contact Defendants regarding the revised Amended Complaint until January 9. That day, Plaintiff's counsel sent a proposed version of the revised Complaint, the SThree Defendants responded that they did not object to the revisions, and the Palladyne Defendants responded that they believed Plaintiff inadvertently retained a new party in the caption. (*See* Exhibit A). Plaintiff has not replied or filed the new Complaint, which means that the timetable for Defendants to file their non-jurisdictional motions to dismiss has not yet begun to run.

Finally, additional evidence has come to light that raises serious questions about Plaintiff's conduct and representations to the Court.  During the October 7 hearing, the Court addressed Plaintiff's failure to produce credit card statements, and Plaintiff's counsel asserted that he had attempted to obtain the statements online and that they were unavailable because the accounts were closed.  (*See* Oct. 7 Transcript, Exhibit B, at 36-40, 48-50).  In response, the Court Ordered Plaintiff to send requests to the credit card companies.  (*See* Oct. 7, 2016 Order, ECF Doc. 182, at 9).  Plaintiff subsequently produced credit card statements for various accounts, including the production on November 2, 2016 of statements for two Citibank credit card accounts that closed in 2013.  Importantly, those statements include transmission letters from Citibank that are dated **February 15, 2016** and **February 19, 2016**.  (*See* Exhibit C, filed under seal).[1]  These documents call into question Plaintiff's assertions during the October 7 hearing that he believed the statements for the closed credit cards were unavailable, and suggest that Plaintiff had actually already requested these statements from Citibank but withheld them.

Accordingly, the SThree Defendants agree with the Palladyne Defendants that the Court's prior sanctions have proved to be insufficient to deter or incentivize Plaintiff to comply with the Court's Orders.  The SThree Defendants therefore respectfully request that the additional sanctions requested in the Palladyne Defendants' motion be entered and, where appropriate, extended for the benefit of the SThree Defendants.

Respectfully submitted,

*/s/Christopher Haas*

| | |
|---|---|
| Aneca E. Lasley (phv06937) | Jeffrey J. Mirman, Esq. |
| Christopher Haas (phv06934) | Federal Bar No. ct05433 |
| Joseph P. Ashbrook (phv06933) | HINCKLEY, ALLEN & SNYDER, LLP |

---

[1] To be clear, Plaintiff currently has a bank account with Citibank, which Plaintiff's counsel also discussed during the hearing.  The statements produced with the February 2016 transmission letter are from his closed credit card accounts with Citibank.

| | |
|---|---|
| SQUIRE PATTON BOGGS (US) LLP<br>2000 Huntington Center<br>41 South High Street<br>Columbus, OH  43215<br>Telephone:  614-365-2700<br>Facsimile:   614-365-2499<br>Email:  aneca.lasley@squirepb.com<br>Email:  christopher.haas@squirepb.com<br>Email:  joseph.ashbrook@squirepb.com | 20 Church Street, 18th Floor<br>Hartford, CT  06103<br>Tel: (860) 725-6200<br>Fax: (860) 278-3802<br>jmirman@hinckleyallen.com |

*Attorneys for Defendants SThree Plc., SThree Inc., Huxley Associates B.V., Huxley Associates Ltd., Huxley Associates Inc., and Ivana Radujko*

## CERTIFICATE OF SERVICE

On January 13, 2017, this document was filed electronically with the Clerk of the United States District Court for the District of Connecticut, which will electronically serve a copy of the foregoing on all counsel of record for all parties.

*/s/ Christopher Haas*
Christopher Haas (phv06934)
Attorney for the SThree Defendants