```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

------------------------------x
                              :
DAN FRIEDMAN                  :    Civil No. 3:14CV00378(AWT)
                              :
v.                            :
                              :
SThree PLC., et al.           :    September 15, 2017
                              :
------------------------------x
```

**RULING RE: APPLICATION FOR FEES [Doc. #178]**

Pending before the Court is an application for attorneys' fees by defendants SThree PLC., SThree Inc., Huxley Associates Ltd., Huxley Associates Inc., Huxley Associates B.V., and Ivanka Radujko (the "SThree defendants"). [Doc. #178]. For the reasons set forth herein, the Court **GRANTS, in part**, SThree's Application for Attorney's Fees **[Doc. #178]**, and awards $1,565.00 in attorneys' fees for work performed in connection with the SThree defendants' motions to seal.

### I.   LEGAL STANDARD

An award of attorney's fees pursuant to Rule 37 is calculated "according to the lodestar formula, in which the number of hours spent by the attorneys is multiplied by the hourly rate normally charged for similar work by attorneys of like skill in the area." Bowne of New York City, Inc. v. AmBase Corp., 161 F.R.D. 258, 266 (S.D.N.Y. 1995) (quotation marks and citations omitted); see also Congregation Rabbinical Coll. of

Tartikov, Inc. v. Vill. of Pomona, 188 F. Supp. 3d 333, 337 (S.D.N.Y. 2016) (determining that the lodestar is the presumptively reasonable fee in determining the amount of attorneys' fees and costs warranted in connection with a motion for sanctions).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The resulting amount "is only presumptively reasonable; it is still within the court's discretion to adjust the amount upward or downward based on the case-specific factors." Tyco Healthcare Grp. LP v. Ethicon Endo-Surgery, Inc., No. 3:10CV60(JBA), 2012 WL 4092515, at *1 (D. Conn. Sept. 17, 2012) (quotation marks and citation omitted). "Hence, the process is really a four-step one, as the court must: (1) determine the reasonable hourly rate; (2) determine the number of hours reasonably expended; (3) multiply the two to calculate the presumptively reasonable fee; and (4) make any appropriate adjustments to arrive at the final fee award." Adorno v. Port Auth. of New York & New Jersey, 685 F. Supp. 2d 507, 511 (S.D.N.Y. 2010).

"The presumptively reasonable fee boils down to what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate

the case effectively." Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009) (quotation marks and citation omitted). Factors that the Court may consider in determining a reasonable fee are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Beastie Boys v. Monster Energy Co., 112 F. Supp. 3d 31, 48 (S.D.N.Y. 2015) (citations omitted).

"The district court retains discretion to determine what constitutes a reasonable fee." Millea v. Metro-N. R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (quotation marks and citation omitted). "However, this discretion is not unfettered," and "the district court must abide by the procedural requirements for calculating those fees articulated by [the Second Circuit] and the Supreme Court." Id. "Attorney's fees must be reasonable in terms of the circumstances of the particular case[.]" Alderman v. Pan Am World Airways, 169 F.3d 99, 102 (2d Cir. 1999) (citation omitted). In determining a reasonable fee, the Court is mindful that "attorney's fees are to be awarded with an eye

to moderation, seeking to avoid either the reality or the appearance of awarding windfall fees." Tsombanidis v. City of W. Haven, 208 F. Supp. 2d 263, 270 (D. Conn. 2002) (quotation marks and citation omitted), aff'd sub nom. Tsombanidis v. W. Haven Fire Dep't, 352 F.3d 565 (2d Cir. 2003); see also New York State Assoc. for Retarded Children v. Carey, 711 F.2d 1136, 1139 (2d Cir. 1983).

## II. DISCUSSION

On September 15, 2016, Judge Alvin W. Thompson issued an Order requiring plaintiff to "reimburse the SThree Defendants for their fees incurred in connection with both of their Motions to Seal (Doc. Nos. 150, 153)." Doc. #165. Judge Thompson ordered the SThree defendants to "file an application for attorneys' fees in connection with the two motions to seal within the next 21 days." Id. On October 6, 2016, the SThree defendants filed an application for attorneys' fees, seeking an award of $3,312 in fees for 9.6 hours of work performed by two attorneys in connection with the aforementioned motions to seal. See Doc. #178. On October 20, 2016, plaintiff filed a Partial Opposition and Request to Modify SThree Defendants' Motion Application for Attorneys' Fees. See Doc. #194. Plaintiff argues, inter alia, that the claimed fees are excessive, and that "only $801 of the submitted fees relates to a violation of the [Protective]

Order." Id. at 2.[1] The SThree defendants filed a reply, arguing that plaintiff failed to challenge the billing rates or the amount of time spent in connection with the motions to seal; therefore, they argue, their fee application should be granted in its entirety. See Doc. #201 at 1.

Other than a passing mention, plaintiff's opposition does not explicitly challenge the reasonableness of the SThree defendants' attorneys' hourly rates or work they expended in connection with the subject motions. Nonetheless, as set forth below, the Court has carefully reviewed the fee application and has concluded that $3,312 is not a reasonable fee to award for the work incurred in connection with the SThree defendants' motions to seal. See Jaeger v. Cellco P'ship, No. 3:11CV1948(SRU), 2015 WL 1867661, at *3 (D. Conn. Apr. 23, 2015) (reviewing and reducing a fee request even where plaintiff does not challenge "the reasonableness of the total fees requested or the reasonableness of the attorneys' hourly rates").

A. **Hourly Rates**

First, the Court addresses the SThree defendants' hourly rates. Two attorneys performed work on the Motions to Seal: Aneca E. Lasley, a partner at Squire Patton Boggs in Columbus,

---

[1] The Court will not revisit Judge Thompson's finding that the SThree defendants are entitled to fees incurred in connection with both motions to seal.

Ohio, and Christopher F. Hass, a senior associate at the same firm. See Doc. #178-1 at 1-2. The Court has already determined that rates charged by Attorney Lasley and Attorney Haas in connection with this matter are higher than those awarded for comparable attorneys in this District, and reduced those accordingly to $375 and $275, respectively. See Doc. #311. This fee application provides no additional information that alters the Court's analysis. Accordingly, the Court again reduces Attorney Lasley's hourly rate from $495 to $375, and reduces Attorney Haas' hourly rate from $315 to $275.

**B.   Hours Billed**

Having determined the reasonableness of the rates requested, the Court turns next to the reasonableness of the hours billed in connection with the filing of the motions to seal. "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley, 461 U.S. at 437. A fee application must be "accompanied by contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." Marion S. Mishkin Law Office v. Lopalo, 767 F.3d 144, 148 (2d Cir. 2014) (quotation marks and citation omitted). "The district court ... should exclude from [its] fee calculation hours that were not reasonably expended." Hensley, 461 U.S. at 434 (quotation marks and citation omitted).

Here, the SThree defendants seek attorneys' fees for 9.6 hours spent in connection with the filing of the two motions to seal. Attorney Haas has billed eight hours for this work, and Attorney Lasley has billed 1.6 hours. For the reasons set forth below, the Court is not persuaded that the whole of this time was reasonably expended.

First, the Court finds that counsel spent an excessive amount of time on several tasks in connection with this uncomplicated issue. See Congregation Rabbinical Coll., 188 F. Supp. 3d at 341 ("The limited nature of the issue leads the Court to find the number of claimed hours excessive." (collecting cases)). Most notably, Attorney Haas billed a total of 5.1 hours drafting, reviewing, revising, and filing the SThree defendants' reply brief in connection with its Motion to Seal. See Doc. #178-1 at 7-8. The reply brief is ten paragraphs of written argument. See Doc. #161. There are no citations to case law or to statutes. See id. The two exhibits to the reply brief consist entirely of print-outs of emails. See Doc. #161-1; Doc. #161-2. The Court therefore reduces the amount of time on this task by 3.1 hours to two hours, total.

Further, Attorney Haas billed .3 hours for communications with the Clerk's Office "regarding Plaintiff's filing of designated materials." Doc. #178-1 at 7. It appears that this task was more administrative than legal, in that Attorney Haas

was receiving guidance on how to go about removing the items that were filed by plaintiff on the public docket. See Doc. #161-1 at 3 (email from Attorney Haas to Attorney Alan Kaufman, reporting the information he received from the Clerks' Office). "Filing, delivery, service of papers and other similar administrative tasks are not usually considered recoverable expenditures of time for attorneys' fees." Broome v. Biondi, 17 F. Supp. 2d 230, 236 (S.D.N.Y. 1997) (citation omitted). Accordingly, the Court will compensate this time at a paralegal rate of $150 per hour. See Cohen v. W. Haven Bd. of Police Comm'rs, 638 F.2d 496, 505 (2d Cir. 1980) ("[A] different rate of compensation may well be set for different types of litigation tasks[.]").

Attorney Lasley's billing records suffer from another problem: the description and time spent on the motions to seal in two instances are coupled with time spent on other, unrelated matters. See Doc. #178-1 at 7 (billing .6 hours to "[r]eview and revise draft reply brief on the motion to seal/sanctions; confer with C. Haas regarding same, deposition of M. Kavanaugh and Plaintiff's production of documents"); Doc. #178-1 at 11 (billing .2 hours to "confer with C. Haas regarding plaintiff's discovery dispute filings, counsel's violation of Protective Order, and responses to same"). The discovery dispute referenced in Attorney Lasley's billing records involved more substantive

issues, while the motions to seal in response to plaintiff's violation of the Protective Order were straightforward and procedural. This bundling makes it difficult, if not impossible, to determine how much time was allotted to work on the motions to seal. Further, "a trial court should ordinarily greet a claim that several lawyers were required to perform a single set of tasks with healthy skepticism." Blumenschine v. Prof'l Media Grp., LLC, No. 3:02CV2244(HBF), 2007 WL 988192, at *17 (D. Conn. Mar. 30, 2007) (quotation marks and citation omitted). The Court therefore reduces these two entries by .4 hours, to .4 hours, total.

Finally, Attorney Haas billed 1.3 hours on September 2, 2016, for drafting the motion to seal and "related communications" with Attorney Lasley. Doc. #178-1 at 7. Attorney Lasley, in turn, billed .6 hours for this same conversation and for reviewing plaintiff's filing. See id. at 11. These entries appear duplicative. The Court therefore reduces Attorney Haas' time on this entry to one hour, and reduces Attorney Lasley's time on her corresponding entry to .3 hours. The above deductions result in an overall reduction of 4.1 hours to the total time billed.

The remainder of the time billed in connection with the two motions to seal appear reasonable to the Court. The Court has reduced Attorney Haas' time by 3.4 hours; the Court has reduced

Attorney Lasley's time by 0.7 hours. After multiplying the reasonable rates with the hours reasonably expended, the Court finds that the SThree defendants are entitled to $1,565.00 in attorneys' fees for work performed in connection with the SThrees defendants' motions to seal.

### III. CONCLUSION

Accordingly, for the reasons set forth above, the Court **GRANTS, in part,** SThree's Application for Attorney's Fees **[Doc. #178]** and awards the SThree defendants $1,565.00 in attorneys' fees for work performed in connection with defendant SThrees' motions to seal. Attorney Alan W. Kaufman is held jointly and severally liable for the above award. See Doc. #311.

This is not a Recommended Ruling. This is an order regarding case management which is reviewable pursuant to the "clearly erroneous" statutory standard of review. See 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

SO ORDERED at New Haven, Connecticut, this 15th day of September, 2017.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE